IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHELLE DENISE HADLEY,

      Plaintiff,

v.                                             Civil Action No. 5:14CV26
                                                              (STAMP)
COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

      Defendant.


**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND OVERRULING THE PLAINTIFF'S OBJECTIONS**


I.  Background

The plaintiff seeks judicial review of the final decision of
the defendant. The plaintiff suffers from certain medical
conditions, including depression, fibromyalgia, obesity, chronic
back pain, sleep apnea, asthma, and osteoarthritis. Further, the
plaintiff testified that she drives to go to work and to run
errands, and works approximately 18 hours a week. However, her
fibromyalgia does "flare up" in which case she requires bed rest.
Because of those and other medical complications, she sought Social
Security benefits. Administrative Law Judge ("ALJ") William R.
Paxton found that the plaintiff did not have an impairment that
satisfies the requirements of the Social Security Act. Further, the
ALJ found that many jobs exist that the plaintiff could seek to
work in which would not aggravate her conditions. The plaintiff
appealed the ALJ's decision, where the Appeals Council affirmed it.

After the plaintiff filed her complaint, the parties filed motions for summary judgment. The plaintiff argued that the defendant failed to consider her doctor's medical opinion which more severely stated the plaintiff's condition. Further, the plaintiff asserts that when the ALJ determined the severity of her medical impairments, he failed to analyze her subjective pain and instead solely focused on the objective aspect of her illnesses. However, in its motion for summary judgment, the defendant asserts that the ALJ's opinion is based on substantial evidence and should be affirmed. Specifically, the defendant argues that the plaintiff failed to demonstrate that she is disabled as provided under the relevant regulations.

Following the motions for summary judgment, the magistrate judge entered his report and recommendation, finding for the defendant. Specifically, the magistrate judge found that the ALJ correctly applied the five step evaluation process in both its totality and at each individual step. More importantly, the magistrate judge determined the ALJ's decision was based on substantial evidence. The magistrate judge first found that the ALJ properly evaluated the mental assessment proffered by the parties. Second, the magistrate judge determined that the ALJ adequately examined both the subjective and objective aspects of the plaintiff's credibility regarding her pain. For those reasons,

the magistrate judge recommended that this Court grant the defendant's motion and deny the plaintiff's motion.

The plaintiff timely filed objections. The plaintiff maintains one objection, which is that the ALJ did not consider and properly articulate how her limitations would affect her ability to work. Because of that, the plaintiff claims that the alleged error in both the magistrate judge and ALJ's findings requires this Court to remand the decision. For the reasons set forth below, the magistrate judge's report and recommendation is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

"Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the

correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id.</u> A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." <u>Thompson v. Astrue</u>, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005)). Finally, because the plaintiff proceeds <u>pro se</u>, she is entitled to a liberal construction of her pleadings. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Miller v. Barnhart</u>, 64 F. App'x 858 (4th Cir. 2003).

As noted above, the plaintiff generally contends in her motion for summary judgment that the ALJ improperly conducted the five-step sequential evaluation process. Based on the record before it, this Court disagrees. The ALJ properly used the five-step sequential evaluation process to determine if a claimant is disabled, pursuant to 20 C.F.R. §§ 404.1520 and 416.920. In order to determine if a claimant is "disabled" under the Social Security Act, the ALJ uses a five-step sequential evaluation. Under this five-step process, the ALJ determines whether: (1) the claimant engages in "substantial gainful activity"; (2) the claimant maintains a "severe medically determinable physical or mental

impairment;" (3) the impairment satisfies one of the listings contained in the regulations; (4) when considering the claimant's "residual functional capacity" ("RFC"), the claimant is able to engage in his or her "past relevant work;" and (5) the claimant "can make an adjustment to other work." 20 C.F.R. §§ 404.1520(a), 416.920(a); <u>see also</u> <u>Molina v. Astrue</u>, 674 F.3d 1104 (9th Cir. 2012).

After considering the above analysis and the record, the magistrate judge correctly determined that the ALJ's findings were supported by substantial evidence. First, the ALJ correctly determined that the plaintiff has not engaged in any substantial gainful activity since October 2, 2008. Second, the plaintiff did suffer from a severe medical impairment, which the ALJ determined. Specifically, the ALJ found that the plaintiff suffered from obesity, fibromyalgia, asthma, and a plethora of other illnesses. That determination included not only physical impairments, but mental impairments such as depression. Third, the ALJ properly concluded that the plaintiff's impairments did not satisfy the severity requirement and that her credibility regarding the severity was seriously in doubt. The ALJ properly noted the inconsistencies between the plaintiff's claims of the severity of her ailments and the findings in the record.

However, the plaintiff claims that the ALJ failed to properly evaluate the severity of the plaintiff's fibromyalgia, specifically

the subjective aspect of it. As provided in 20 C.F.R. § 404.1529, a two-part test is used in evaluating the limiting effects of the claimant's subjective symptoms. First, objective medical evidence is examined that must show that a medical determinable impairment exists. 20 C.F.R. § 404.1529. Specifically, the impairment must "reasonably be expected to produce" the actual pain that the claimant alleges. Id. Second, the intensity, persistence, and limiting effects of the claimant's pain and symptoms must be evaluated to determine their effect on the claimant's ability to work. Id.; SSR 96-7p. Further, Social Security Ruling ("SSR") 96-7p provides additional factors to consider when examining the claimant's credibility. As the report and recommendation properly states, those factors include medical signs and laboratory reports, medical opinions, medical history, treatments, prior work record, daily activities, and other similar information.

When applying that test, the ALJ properly evaluated step one of the two part test, finding that the plaintiff's medical impairments could be reasonably expected to cause some of the symptoms that the plaintiff alleged exist. Regarding the second step, the ALJ fully analyzed the subjective evidence, and through that noted inconsistencies in the plaintiff's claims. For example, during the hearing, the plaintiff claimed that she had difficulty sleeping, but her medical history notes an improved sleep pattern. Essentially, the ALJ properly found that the plaintiff did not face

6

as extreme of limitations as she claimed. That demonstrated some doubts regarding the plaintiff's credibility. Therefore, such inconsistencies justified the ALJ's doubts about the plaintiff's credibility when describing the severity of her illnesses.

Fourth, the ALJ correctly determined that the plaintiff was incapable of performing past relevant work. In particular, the ALJ noted that she could only perform certain sedentary work. Based on the substantial evidence before him, the ALJ accurately found that the plaintiff was incapable of performing her past relevant work. Finally, the ALJ did find that the plaintiff, based on her education, age, work experience, and RFC, could find one of many suitable jobs that exist in today's economy. Therefore, the ALJ denied the plaintiff's claim for benefits. Accordingly, after reviewing the five-step evaluation and the evidence, the ALJ's decisions were based on substantial evidence. Furthermore, this Court agrees with the findings of the magistrate judge concerning his report and recommendation of the plaintiff's action and the ALJ's decision.

As mentioned earlier, the plaintiff filed an objection to the magistrate judge's report and recommendation. The plaintiff maintains only one objection, which is that the magistrate judge "erred in finding that the ALJ complied with SSR 96-8p and that the ALJ's [residual functional capacity] determination was sufficient." Specifically, she argues that the ALJ failed to include limitations

in his RFC analysis despite finding that the plaintiff had moderate limitations in her concentration, persistence, or pace under the third step of the evaluation process.  ECF No. 18.  Social Security Ruling 96-8p is a policy interpretation used when assessing the RFC in initial claims for disability benefits.  The plaintiff claims that in evaluating her mental impairments, the ALJ incorrectly conducted the "special technique" as required under the relevant regulations.

Under 20 C.F.R. § 404.1520(a), an ALJ must assess any alleged mental impairments of a claimant using a "special technique." Specifically, the technique "is used to analyze whether a claimant has a medically determinable mental impairment," as well as "whether that impairment causes functional limitations." Craft v. Astrue, 539 F.3d 668, 674 (7th Cir. 2008). The special technique requires the ALJ to evaluate a claimant's "pertinent symptoms, signs, and laboratory findings" to establish whether the claimant has a "medically determinable mental impairment," as required under 20 C.F.R. § 404.1520(b)(1). If such an impairment is found, then the ALJ must then rate the degree of functional limitation under four functional areas: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  20 C.F.R. § 404.1520(a)(2012). Following that initial analysis, then the ALJ must engage in the process described below:

The first three functional areas are rated on a
five-point scale of none, mild, moderate, marked, and
extreme. The final functional area is rated on a
four-point scale of none, one or two, three, and four or
more. The ratings in the functional areas correspond to
a determination of severity of mental impairment. If the
ALJ rates the first three functional areas as none or
mild and the fourth area as none, then generally the
impairment is not considered severe. Otherwise, the
impairment is considered severe, and the ALJ must
determine whether it meets or is equivalent in severity
to a listed mental disorder. If the mental impairment
does not meet or is not equivalent to any listing, then
the ALJ will assess the claimant's RFC. The ALJ must
document use of the special technique by incorporating
the pertinent findings and conclusions into the written
decision. The decision must elaborate on significant
medical history, including examination and laboratory
findings, and the functional limitations that were
considered in reaching a conclusion about the mental
impairment's severity. The decision must also incorporate
"a specific finding as to the degree of limitation in
each of the functional areas."

Craft, 539 F.3d at 674-75 (internal citations omitted). Regarding

the above analysis, the plaintiff claims that the ALJ failed "to

state how" the plaintiff's limitations in "concentration,

persistence or pace would affect her ability to perform work-

related tasks." However, the plaintiff's objection is an inaccurate

statement of the ALJ's requirements. The ALJ must "connect the

evidence to the conclusion through an 'accurate and logical

bridge.'" Stewart v. Astrue, 561 F.3d 679, 684 (7th Cir.

2009)(internal citations omitted). In the ALJ's opinion, he

described how the medical opinions of Dr. Joseph Shaver and Dr. Bob

Marinelli both remained consistent. In those medical opinions, the

doctors analyzed the plaintiff's RFC and determined that the

plaintiff had moderate limitations in concentration, persistence, and pace. The plaintiff correctly points out that the ALJ determined that she suffered from moderate limitations due to her mental impairments. More importantly, however, the ALJ found that "[the plaintiff] is limited to understanding, remembering and carrying out simple instructions." R. 18. The ALJ based that conclusion on sufficient objective and subjective evidence. Further, the ALJ indicated that such conclusions and limitations were considered in his findings regarding the plaintiff's ability to perform work-related tasks. <u>See</u> R. 25. In fact, the ALJ, when analyzing the plaintiff's ability to perform tasks, notes that "the claimant's ability to perform all or substantially all of the requirements of [sedentary work] has been impeded by additional limitations [referring to her mental impairments]." It is also worth noting again that the ALJ acknowledged and concluded that the plaintiff suffers limitations in "understanding, remember and carrying out simple instructions." Such instances and reasoning provided the logical bridge that is required of the ALJ in this case. Accordingly, the plaintiff's objection is overruled.

## IV.  <u>Conclusion</u>

Based upon a <u>de novo</u> review, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is

DENIED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 29, 2014


                             /s/ Frederick P. Stamp, Jr.
                             FREDERICK P. STAMP, JR.
                             UNITED STATES DISTRICT JUDGE